UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD MICHAEL PREE,

    Plaintiff,

v.                                                    Case No: 2:18-cv-45-FtM-38CM

TAMARA LYNN NICOLA and
NICOLA FAMILY LAW, P.A.,

    Defendants.
_____/

**OPINION AND ORDER**[1]

This matter comes before the Court on Defendants Tamara Nicola and Nicola Family Law, P.A.'s Motion to Dismiss (Doc. 8) filed February 12, 2018. Plaintiff Todd Pree failed to respond, and the time to do so has expired. This matter is ripe for review.

As best the Court can discern, these are the pertinent facts. Tamara Nicola represented Pree's wife in her divorce proceeding against Pree. (Doc. 1 at ¶¶ 85-86). During this representation, Pree and Tamara Nicola's contact became increasingly antagonistic. (Doc. 1 at ¶¶ 27, 48, 73, 87, 99). This included Tamara Nicola seeking multiple temporary restraining orders ("TRO") against Pree. (Doc. 1 at ¶¶ 22, 27). Pree claims that the TROs were both fraudulent and constituted "malicious harassment." (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

1 at ¶¶ 25, 27). Because of this strife, Pree filed an eight-count Complaint against Defendants. (Doc. 1). Now, Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 8). Defendants argue, in part, that Pree's Complaint is a shotgun pleading. (Doc. 8 at 9). The Court agrees.

At minimum, pleadings must contain "short and plain statements of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Courts frequently refer to pleadings that violate these rules as shotgun pleadings. *See Weiland v. Palm Beach County Sherriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The most common type of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. Courts have "little tolerance" for these type of pleadings. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Pree's Complaint is a quintessential shotgun pleading. The Complaint consists of 31 pages, 144 paragraphs, and 8 claims. (Doc. 1). Each claim contains an allegation that "repeats and realleges the allegations contained in the previous averments as if fully set forth herein." (Doc. 1 at ¶¶ 105, 109, 114, 121, 126, 130, 136, 140). These type of allegations are a telltale sign of a shotgun pleading and make it exceedingly difficult—if not impossible—to discern which allegations are germane to which claims. *See Weiland*, 792 F.3d at 1321. Because Pree's Complaint is a shotgun pleading and will be dismissed, the Court need not address Defendants' other arguments.

If Pree chooses to amend, he must comply with the applicable Federal Rules of Civil Procedure and avoid filing another shotgun pleading. He cannot simply reallege every preceding allegation and claim into every subsequent claim. As further guidance, the Court directs him to the United States District Court for the Middle District of Florida's website,[2] which provides basic information to individuals who proceed without counsel in civil cases.

Accordingly, it is now

**ORDERED:**

(1) Defendants Tamara Nicola and Nicola Family Law, P.A.'s Motion to Dismiss (Doc. 8) is **GRANTED**. Plaintiff Todd Pree's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Plaintiff Todd Pree may file an amended complaint on or before **March 30, 2018**. **Failure to do so may result in this case being dismissed with prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of March, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] The Court's website is http://www.flmd.uscourts.gov/pro_se/default.htm

3